UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARRY SCHUELE,

      Plaintiff,

v.                          Case No.:  8:26-cv-01955-JLB-AAS

APPLE, INC.,

      Defendant.

_____/

## CIVIL ACTION ORDER[1]

The Court enters this Civil Action Order to govern this action.  Counsel and all

parties (represented and pro se) must comply fully with this Order.

**1.     Proof of Service of Process**

> A party must file proof of service within **TWENTY-ONE (21) DAY**S after
> service of a summons and complaint.  See Local Rule 1.10(a).[2]

**2.     Deadline for Default**

> A party entitled to a default must apply for the default within **TWENTY-
> EIGHT (28) DAYS** after a party's failure to plead or otherwise defend.  See
> Local Rule 1.10(b).

**3.     Disclosure Statement**

With the first appearance, each party must file a disclosure statement with

the Court.  See Rule 7.1; Local Rule 3.03.  For this purpose, a template Disclosure

Statement is available under the "Forms" tab on the judge's webpage.  If not yet

done, each party must **IMMEDIATELY** complete and file this Disclosure

---

[1] This is effective February 1, 2021, to align with the revised Local Rules.

[2] For this Order, any reference to "Local Rule" means the Middle District of Florida Local
Rules, and any reference to "Rule" means the Federal Rules of Civil Procedure.

Statement.  The failure to do so may preclude any relief being granted by the Court, including extensions of time.

The parties are further directed to jointly complete and file, as a separate docket entry, the Notice of a Related Action available under the "Forms" tab on the judge's webpage.  This Notice is to be filed when filing the Uniform Case Management Report discussed below. **Notwithstanding the instruction in the Uniform Case Management Report, a Notice of Related Action must be filed, even if no related action exists.**

4.    **Case Management Report – Timing and Exceptions**

> The parties must file a Uniform Case Management Report using the standard form available under the "Forms" tab on the judge's webpage within **FORTY (40) DAYS** after any defendant appears in an action originating in this Court; or after the docketing of an action removed or transferred to this Court.  See Local Rule 3.02.[3]  The Preference tab on the judge's webpage sets forth additional parameters for the parties to follow when submitting a Uniform Case Management Report.[4]
>
> If this case is referred to the Inexpensive Determination, Efficient, and Abbreviated Litigation (IDEAL) Program, the parties shall file the Uniform Case Management Report within fourteen (14) days after the Case Management Conference unless otherwise directed by the Magistrate Judge.
>
> If the parties submit an incomplete or perfunctory Uniform Case Management Report, or use the wrong form, the Court may strike it and require the parties to meet in person and resubmit.
>
> No Uniform Case Management Report is needed for an action in which the Court enters a special scheduling order.[5]  See Local Rule 3.02(d)(1).  For

---

[3] The Uniform Case Management Report must be filed within seventy (70) days after service for actions against the United States, a United States agency, a United States officer or employee sued in their official capacity or individual capacity in connection with a duty performed on behalf of the United States.

[4] For patent cases requiring claim construction, a Patent Case Management Report is available under the "Forms" tab on the judge's webpage.

[5] For actions brought under Title II or III of the Americans With Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), the Telephone Consumer Protection Act (as amended by the Junk Fax Prevention Act) (TCPA), the Fair Debt Collection Practices Act (FDCPA), the Real Estate Settlement Procedures Act (RESPA), the Florida Consumer Collection

other actions excepted from the Civil Case Management requirement under Local Rule 3.02(d), the parties must file a notice titled, "Notice of Exception Under Local Rule 3.02(d)," and state that a Uniform Case Management Report will not be filed.[6]  Any Notice of Exception must be filed within **FOURTEEN (14) DAYS** of this Order in an action originating in this Court, or within **FIVE (5) DAYS** of this Order in any action removed or transferred to this Court.

**5.    Expectations for the Rule 26(f)(2) Conference & Rule 26(f)(3) Discovery Plan**

Mindful of their obligation to construe and employ both the federal and local rules to secure the just, speedy, and inexpensive disposition of this action (see Rules 1; 16(c)(2)(P)), the parties must thoughtfully consider the proportional needs of this case given the claims, defenses, and other considerations in Rule 26(b)(1), and engage in a meaningful and appropriate discussion of the full collection of issues identified in Rules 16(b)(3), 16(c)(2), 26(f)(2) and 26(f)(3).

When reasonably feasible, the parties are strongly encouraged to include at least one in-person meeting of the parties or their counsel during the Rule 26(f)(2) process, and to use video conferencing rather than telephone conferences.  To the extent that matters like confidentiality agreements, protocols for searching or producing electronically stored information, HIPAA qualified protective orders, or Rule 502(d) orders may be appropriate, the parties are expected to exchange drafts before the Rule 26(f)(2) conference and reduce them to stipulations during or

---

Practices Act (FCCPA), and/or other state law consumer protection statutes, or the Fair Credit Report Act (FCRA) and/or other related state law consumer protection statutes, a special scheduling order will be issued immediately after any defendant appears in an action originating in this Court, or after the docketing of an action removed or transferred to this Court.

[6] Notwithstanding Local Rule 3.02(d), a Notice of Exception is to be filed in an action under the Employee Retirement Income Security Act (ERISA) that requires nothing more than a review of the administrative record, and a Notice of Exception need not be filed in a Social Security appeal.

immediately thereafter.  See Local Rule 3.05.  Other than HIPAA qualified protective or Rule 502(d) orders, the Court does not adopt or endorse confidentiality or other discovery agreements as protective orders, but the Court will enforce reasonable provisions of such agreements.[7]

## 6.   Continuing Duty to Confer and Update the Court

After a motion is filed, and so long as it remains pending, the parties have a mutual obligation to continue to confer in good faith to narrow or resolve the issue(s) presented and promptly apprise the Court of any issue(s) resolved.

To properly discharge their Local Rule 3.01(g) obligation, movants must confer with the parties to the action and any non-party against which any relief is requested.

> "The purposeful evasion of a communication under this rule can result in a sanction."  Local Rule 3.01(g).

## 7.   Emergency Motions

Before filing a motion designated as an "emergency" or "time-sensitive," the movant must review Local Rule 3.01(e); Henry v. The Fla. Bar, No. 6:15-cv-1009-ORL-41TBS, 2015 WL 13590158 (M.D. Fla. Sept. 28, 2015), and Wiand v. Wells Fargo Bank, N.A., No. 8:12-cv-00557-T-27EAJ, 2013 WL 12173591 (M.D. Fla. Nov. 13, 2013), and then call the assigned magistrate judge's chambers to apprise about the filing.

> "The unwarranted designation of a motion as an emergency can result in a sanction." Local Rule 3.01(e).

---

[7] The Court cannot compel parties to enter into a confidentiality agreement. If a party unreasonably claims protection for, or opposes protecting, confidential information, then the Court may impose an award of attorney's fees and costs against the offending party or counsel. See Rule 37(a)(5).

## 8.    Motions to Strike

The Court generally disfavors motions to strike and often considers them timewasters.  Before filing a motion to strike, the movant must review Yellow Pages Photos, Inc. v. Ziplocal, LP, No. 8:12-cv-755-T-26TBM, 2012 WL 12920185 (M.D. Fla. Sept. 17, 2012), and United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD, No. 8:19-cv-448-T-33CPT, 2019 WL 3323477 (M.D. Fla. July 24, 2019), and then explain in the motion why the requested relief is warranted notwithstanding the rationale and authorities cited therein.

## 9.    Motions to Seal

Designating material as confidential, sensitive, proprietary or the like, even if stipulated, does not alone warrant an order to seal such items when filed with the Court.  Nor do conclusory or speculative allegations concerning the nature of the documents or the harms that may result from disclosure.  Rather, the Court must carefully balance the need to facilitate the acquisition and use of relevant information by the parties against the general presumption that substantive aspects of a civil action are a matter of public concern.  See generally Romero v. Drummond Co., 480 F.3d 1234, 1245-48 (11th Cir. 2007); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310-1315 (11th Cir. 2001).  "Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation."  Rule 1.11(a).  Accordingly, **compliance with Local Rule 1.11 is strictly enforced**.[8]

> "No seal under this rule extends beyond ninety days after a case is closed and all appeals exhausted."  Local Rule 1.11(f).

---

[8] See also M.D. Fla. Admin. Procedures for Elec. Filing, pp. 6, 11, 14.

## 10.    Discovery Practices

Discovery requests are untimely if the response period provided by rule expires after the discovery period.  The parties must electronically exchange all discovery requests in a text-searchable format (e.g., native word-processing document or text-searchable PDF file format).  Unless a party provides and justifies an express objection in the Case Management Report to service of discovery by e-mail, the Court deems all parties (except incarcerated or detained persons not represented by counsel) to have consented to service of discovery by e-mail.  See Rule 5(b)(2)(E).

> Disclosures under Rule 26(a)(1) or (2), depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission must not be filed until they are used in the proceeding or the Court orders the filing.  See Rule 5(d)(1).

Other than a Rule 35 physical or mental examination, litigants may stipulate—within the confines of the Court's orders—to methods, procedures and extensions of time for discovery without Court intervention.[9]  So long as other deadlines and scheduled events are not affected, parties may also agree to conduct discovery after the discovery deadline.  But motions to compel filed after the discovery deadline are presumptively untimely and may be denied on that basis alone.

## 11.    Expert Witness Reports and Depositions

The parties must fully comply with Rule 26(a)(2) on or before the deadline for their expert disclosures.  Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the

---

[9] See also Middle District Discovery at §§ I(A)(4), I(E)(1), I.

written expert report.  Failure to disclose this information may result in the exclusion of all or part of the expert witness's testimony.

If not previously provided or otherwise agreed, service of an expert report by any party **must include the disclosure of at least three dates of availability for the expert to be deposed** no sooner than one week and no later than three weeks after service of the expert's report.  The parties are encouraged to discuss these scheduling issues well before the service of such reports and to place holds on dates as appropriate.

12.     **Properly Utilizing Electronic Filing**

The Court expects electronic filers to make full and thoughtful use of the CM/ECF capabilities. In particular, documents that accompany a paper must be filed as separate PDF files, and each is to be given a concise, unique and objective label using the category and description fields provided, such as "Exhibit A – Sale and Purchase Agreement," "Exhibit B – Demand Letter," and "Exhibit C – Deposition of Denver Smith" and not "Exhibit – A," "Exhibit – B," and "Exhibit – C."  The Court may strike filings that fail to heed this request.  A previously filed document need not be refiled and should instead be cited by document number (for example, "Doc. 1-1").

**13.    Mediation**

All actions will be referred to mediation.  <u>See</u> Local Rule 4.03.  The parties must designate a mediator, indicate whether the mediator is certified by this Court,[10] and propose a mediation deadline in the Case Management Report.

**ORDERED** in Tampa, Florida on July 13, 2026.

/s/ John Badalamenti
John Badalamenti
United States District Judge

---

[10] If asked by a judge, a mediator must conduct at least one mediation a year in which the judge determines that a party lacks the ability to pay the mediator.  <u>See</u> Local Rule 4.02(e).  Unrepresented parties or parties with pro bono counsel may request the Court authorize all or part of their mediator fee be reimbursed by the Court's Bench Bar Fund.  <u>See</u> Local Rule 4.02(d).